UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW P. LEDERHOUSE,

                Plaintiff,

     v.                                      **DECISION AND ORDER**
                                                        09-CV-353S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1.     Plaintiff Andrew P. Lederhouse, who is represented by counsel, challenges an Administrative Law Judge's ("ALJ") decision, dated April 21, 2008, wherein the ALJ determined that he is not disabled within the meaning of the Social Security Act. On September 23, 2009, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 6.) This Court directed Plaintiff to respond to Defendant's motion by October 30, 2009, and warned Plaintiff that his failure to file a response could result in Defendant's motion being granted as unopposed or his case being dismissed for failure to prosecute. (Docket No. 8.) Plaintiff failed to file a response as directed.

2.     On November 11, 2009, Plaintiff, through counsel, filed a motion for an extension of time to respond to Defendant's motion. (Docket No. 9.) This Court granted Plaintiff's motion and extended his time to respond to March 31, 2010. (Docket No. 10.) This was a final extension. (Id.) Nonetheless, Plaintiff again failed to respond without explanation. More than two additional months have passed and Plaintiff still has not filed a response.

3.     A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Secretary of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert. denied, 459 U.S. 1212 (1983). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

4. Plaintiff's complaint in this action does not identify any error in the ALJ's decision beyond the template allegation that the decision is legally erroneous or not supported by substantial evidence in the record. (Docket No. 1.) And as indicated, Plaintiff has not opposed Defendant's Motion for Judgment on the Pleadings, despite having more than eight months to do so. Defendant's motion is therefore granted as unopposed.

5. Moreover, despite Plaintiff's failure to properly prosecute this case or oppose Defendant's motion, this Court has examined the ALJ's decision and the administrative record as a whole, and finds that substantial evidence supports the ALJ's decision. The ALJ's decision reflects a thorough examination of the medical evidence of record. The ALJ specifically considered and discussed the medical evidence and opinions of William J. Baier, M.D. (treating pediatrician), Dr. Christine Holland (consultative examiner), Renee Baskin, Ph.D. (consultative examiner), Dr. Jennifer Myers (state agency pediatrician), Madan Mohan (state agency psychologist), Edward N. Halperin (medical expert). The ALJ considered this evidence, along with the other evidence in the record, including evidence of Plaintiff's performance in school, to conclude that Plaintiff is not disabled within the meaning of the Act.

6. Accordingly, for the foregoing reasons, this Court also finds that the ALJ's decision is supported by substantial evidence and is free from legal error. See Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982) (per curiam) (an ALJ's decision should be upheld so long as the court can fathom the ALJ's rationale in relation to the evidence in the record). Defendant's Motion for Judgment on the Pleadings is therefore also granted on the merits.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: May 27, 2010
       Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  Chief Judge
                                                  United States District Court